UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GETTY,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 15-00831-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 28, 2015, Susan Getty ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on September 11, 2015. On January 5, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 49-year-old female who applied for SSI benefits on April 23, 2012, alleging disability beginning April 10, 2012. (AR 61.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 23, 2012, the application date. (AR 63.)

Plaintiff's claim was denied initially on August 14, 2012, and on reconsideration on February 28, 2013. (AR 61.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on October 8, 2013, in Palm Springs, California. (AR 61.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 61.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 61.)

The ALJ issued an unfavorable decision on October 23, 2013. (AR 61-69.) The Appeals Council denied review on February 24, 2015. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the testimony of Plaintiff.
2. Whether the Appeal Council properly considered the evidence submitted in support of the request for review.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 23, 2012, the application date. (AR 63.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bilateral knee degenerative joint disease, cervical and lumbar spine degeneration, left hip degeneration, possible left shoulder rotator cuff tear, and obesity. (AR 63-64.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 64.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for 6 hours out of an 8-hour workday with occasional breaks to change positions, from sitting, standing, to walking, every 30 minutes at the workstation; she can sit for 6 hours out of an 8-hour workday without having to change positions; she can change positions every 30 minutes at the work station; she can occasionally push and pull with the left lower extremity; she can push and pull within the weight limits with the upper extremities and right lower extremity; she can frequently climb ramps and stairs, balance, crouch, and stoop; she cannot climb ladders, ropes, and scaffolds; she can occasionally kneel, and crawl; she can occasionally reach overhead with her left upper extremity; and she has no limitations reaching in all other directions with the left upper extremity.

(AR 64-68.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 65.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 68.) The ALJ, however, also found that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of small products assembler II, inspector/hand packager, final assembler, and sorter of small agricultural products. (AR 68-69.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 69.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence. The Appeals Council properly determined that Plaintiff's new evidence did not relate to the period at issue and does not warrant remand. The ALJ's RFC is supported by substantial evidence.

**I. THE ALJ PROPERLY DISCOUNTED THE PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY.**

Plaintiff contends that the ALJ erred in discounting her subjective symptom testimony. The ALJ disagrees.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's

testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

Plaintiff alleges she cannot work because of pain in her arms, shoulders, wrists, hands, left knee, and hip. (AR 63, 65, 66, 78-80, 82, 93, 219.) Knee pain is the worst. (AR 65-66.) She uses a brace and cane. (AR 81.) She says she cannot sit, stand or lift anything at all. (AR 82.) Nonetheless, the ALJ assessed Plaintiff with a RFC of a reduced range of light work. (AR 64.)

In assessing Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of her alleged symptoms. (AR 66.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (AR 66, 68 and 65.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence. (AR 63, 65, 66, 68.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ found no objective medical evidence to document Plaintiff's alleged wrist/hand pain. (AR 63.) Medical records only indicate mild clinical findings regarding Claimant's bilateral knee, neck, back, left hip, and left shoulder. (AR 66.) Medical records indicate diagnoses of mild cervical spine degeneration, mild left hip degeneration, and mild lumbar spine degeneration. (AR 66.) Diagnostic studies document no more than mild to moderate findings of Claimant's back, knees, and left hip. (AR 66.) Consulting orthopedic

7

examiner Dr. Robert MacArthur assessed a medium work RFC on July 26, 2012. (AR 67.) So did a non-examining State agency reviewing physician. (AR 67.) Their findings were somewhat consistent with the mild to moderate findings from the diagnostic studies, but the ALJ determined that a medium RFC was an overestimate of Plaintiff's exertional capacity. (AR 67.) The ALJ adopted a light RFC also expressed by another State agency reviewer. (AR 67.) Plaintiff does not challenge the ALJ's treatment of the medical evidence as of the date of the ALJ decision, October 23, 2013.

Second, the ALJ found that Plaintiff was conservatively treated with pain medications such as naproxen, baclofen, and ibuprofen and admitted that knee injections improved her pain. (AR 66.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Plaintiff argues that knee injections are not conservative. The Commissioner concedes the point but correctly observes that the knee injections in combination with pain medications helped to alleviate her pain. An impairment that can be controlled effectively with medication or treatment is not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Dr. MacArthur, moreover, noted only a slightly antalgic gait and a mostly normal lower extremity examination, with an unremarkable left knee X-ray and neurological findings. (AR 67.)

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations (AR 65), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Plaintiff admitted she could wash some dishes, do household chores for 10 minutes, do grocery shopping once a month and drive a car, even without a permit or license. (AR 65-66.) Plaintiff argues that these activities do not prove that she can work but they do suggest Claimant has greater functional abilities than she alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Fourth, the ALJ found that Plaintiff has a poor work history, which raises the question whether Claimant's continuing employment is actually due to medical impairments. (AR 66.) Poor work history is legitimate reason for discounting a claimant's credibility. Thomas, 278 F.3d at 959.

Plaintiff disputes the ALJ's adverse credibility determination, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is supported by substantial evidence, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

**II.      THE NEW EVIDENCE PRESENTED TO THE APPEALS COUNCIL DOES NOT ALTER THE NONDISABILITY DETERMINATION.**

The ALJ's decision in this case is dated October 23, 2013. Subsequent to the ALJ's decision, in March 2014 Plaintiff submitted new evidence to the Appeals Council in the form of a physical RFC from Dr. Robert Moffatt dated February 20, 2014. The document is attached as an exhibit to the Joint Stipulation. It contains diagnoses of "tear rotator cuff, morbid obesity, DJD knees." Dr. Moffatt opined Plaintiff would be absent from work more than three times a month and thus precluded from all work. Plaintiff argues that Dr. Moffatt's belated RFC assessment would tip the balance in favor of a disability determination.

The Appeals Council, however, determined that the new information was about a later time and therefore does not affect the decision as to whether Plaintiff was disabled on or before October 23, 2013. (AR 2.) Plaintiff contends that the Appeals Council erred because Dr. Moffatt's February 20, 2014, opinion relates back to the period of the decision. The Court disagrees.

**A.      Relevant Federal Law**

Social Security regulations provide the necessary guidance regarding the submission of new evidence to the Appeals Council:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge's hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date

of the administrative law judge's hearing decision. It will then review the

case if it finds that the administrative law judge's action, findings, or

conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b); see also Brewes v. Commissioner, 682 F.3d 1157, 1161-62 (9th Cir. 2012). Post-dated evidence must relate to the period at issue, which in this case is April 10, 2012 to October 23, 2013. See Hess v. Colvin, 2013 WL 5934313, at *7 (E.D. Wash. Nov. 5, 2013). New evidence relevant to the period at issue must be treated as part of the administrative record. Brewes, 682 F.3d at 1161-62.

A reviewing court, moreover, may remand for consideration of new evidence where: (1) the new evidence is material, and (2) good cause exists for the claimant's failure to submit the new evidence on a timely basis. 42 U.S.C. § 405(g) (sentence six); Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). To be material, there must be a reasonable possibility that the new evidence would change the outcome. Id.

**B.     Analysis**

The Appeals Council did not include Dr. Moffatt's new evidence in the administrative record. The Appeals Council determined that the new evidence does not relate to the period at issue, and thus the Appeals Council's determination is supported by substantial evidence.

Plaintiff rests her contention on this statement in Dr. Moffatt's February 20, 2014, Physical RFC Questionnaire:

6.     Identify the clinical findings and objective signs:

MRI

Plaintiff suggests that the MRI occurred prior to October 23, 2013. Plaintiff asserts that "Dr. Moffatt stated that his questionnaire relates back to MRI." (JS 21.) The document, however, does not contain such a statement. Nowhere in the Questionnaire does Dr. Moffatt say that his opinions "relate back" to any pre-decision MRI or was intended to be retrospective. All that appears is what is shown above: "MRI" and nothing more. Dr. Moffatt could be referring to either a pre-decision MRI or one more recent, which would make his assessment irrelevant to the period at issue, as the Appeals Council determined.

In her brief to the Appeals Council (attached to the Joint Stipulation), Plaintiff cites an MRI from Riverside County Regional Medical Center found at "Exhibit 8F pg. 27." That exhibit (AR 345) is a 11/14/2012 knee radiograph that was unremarkable and plainly would not support Dr. Moffatt's limitations in his February 20, 2014, Physical RFC Questionnaire. The ALJ specifically found that November 2012 and April 2013 X-rays revealed no abnormalities. (AR 66-67.)

As it seems highly unlikely that Dr. Moffatt would be referring back to 2012 for his February 2014 opinion, Plaintiff has abandoned the argument she made to the Appeals Council. In her Joint Stipulation, she now contends that a record dated September 5, 2013, indicates that Plaintiff was to appear for an appointment one week after an MRI was performed. (AR 320.) This record was made before the ALJ's October 23, 2013, decision. The record, however, does not indicate when or if an MRI was performed or, if it was, what it found. Assuming it was done, the MRI could have occurred after the October 23, 2013, decision and closer in time to Dr. Moffatt's February 20, 2014, RFC. Plaintiff did not submit the MRI to the Appeals Council or to this Court.

Thus, the Appeals Council reasonably found that Plaintiff's new evidence did not relate to the period at issue and does not affect the disability determination through October 23, 2013. Another factor weighing against Plaintiff's new evidence is that Plaintiff has made no attempt at all to show "good cause" for failure to submit the new evidence to the ALJ before the October 23, 2013, decision. 42 U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462-64 (9th Cir. 2001).

The Appeals Council's determination is supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error. No basis exists for remand.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 19, 2016

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE